**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO BALDOVINOS, | No. 15-16537 |
| Petitioner-Appellant, | D.C. No. 1:13-cv-00806-SKO |
| v. | |
| PAUL COPENHAVER, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted March 8, 2017[***]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Pedro Baldovinos appeals pro se from the district court's judgment denying

his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review the denial of a section 2241 petition de novo, *see Tablada v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Baldovinos challenges the finding of the disciplinary hearing officer ("DHO") that he committed riot-like conduct and contends that the disciplinary proceedings violated his right to due process. The record reflects that Baldovinos's disciplinary hearing comported with due process and "some evidence" supports the DHO's findings. *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985) (requirements of due process are satisfied if "some evidence" supports disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (setting forth due process requirements for prison disciplinary proceedings). We reject Baldovinos's claim that the DHO, a Bureau of Prisons employee, lacked authority to impose disciplinary sanctions against him for conduct that occurred at a contract facility. *See* 28 C.F.R. § 541.10(a) (2007). Finally, we reject Baldovinos's double jeopardy claims. *See United States v. Brown*, 59 F.3d 102, 104-05 (9th Cir. 1995) ("the prohibition against double jeopardy does not bar criminal prosecution for conduct that has been the subject of prison disciplinary sanctions," and loss of good conduct time does not constitute punishment for double jeopardy purposes).

We decline to consider Baldovinos's claim, raised for the first time on appeal, that he is actually innocent of his 2010 criminal convictions in the Western

15-16537

District of Texas.  *See Taniguchi v. Schultz*, 303 F.3d 950, 959 (9th Cir. 2002).

**AFFIRMED.**